1  Irena Leigh Norton - Bar No. 167017
   7344 Magnolia Avenue, Suite 110
2  Riverside, California 92504
   Telephone:   (951) 359-3205
3  Facsimile:    (951) 637-0627
   Email: inorton@legalfunding.com
4
   Attorney for Plaintiff RD Legal Funding, LLC
5

6

7

8                   **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11  **RD LEGAL FUNDING, LLC,**          )    Case No. CV-14-03658-DDP-JC
                                        )
12                                      )
              **Plaintiff,**            )    **ORDER ON STIPULATED**
13                                      )    **PROTECTIVE ORDER**
    **vs.**                             )
14                                      )    **[CHANGES MADE BY COURT**
    **BYRON T. BALL; DEVIN P. SCOTT;**  )    **TO INTRODUCTORY**
15  **AND THE BALL LAW FIRM, LLP**      )    **LANGUAGE AND**
                                        )    **PARAGRAPHS 6.1, 9.1, 9.2, 11]**
16                                      )
              **Defendants.**           )
17  _____    )

18

19

20

21

22

23

24

25

26

27

28                              1

## BASIS FOR ORDER

It appears to the satisfaction of the court that this is a proper case for issuance of a Protective Order to protect the confidential information of all parties during discovery, furthering the discovery of all parties, and rendering moot any objection to such discovery on the ground of privilege-based confidential information, trade secrets or privacy rights.

THEREFORE, IT IS ORDERED:

During this action, with respect to any information, documents or other things obtained by any party to this action in response to any discovery where such items are asserted to contain or comprise trade secret, confidential or proprietary information or information subject to the privacy concerns of third parties, the following procedures shall be employed and the following restrictions shall govern, except that nothing in this Order shall be construed to impose any obligation upon or to bind the court/court personnel:

1. **Purpose**. It is the purpose of this Protective Order to allow the parties to have reasonable access to information from other parties while protecting proprietary and sensitive business and financial information and the confidentiality of that information without frequent resort to determinations of discoverability by the court.

2. **Definitions**.

2.1 Party. "Party" means any of the parties in this action, including, but not limited to, representatives, agents and officers of such parties unless specifically excluded herein.

2.2 Discovery Material. "Discovery Material" means any information, document or tangible thing, response to interrogatories, deposition testimony or transcript, response to requests for admissions, and any other similar materials, or portions thereof:

2

2.3 Legend. "Legend" means the following marking or any reasonable facsimile thereof:

"CONFIDENTIAL"

or

"ATTORNEYS' EYES ONLY"

with the appropriate designation of the level of protection as provided in section 3 below.

2.4 Receiving Party. "Receiving Party" means a Party to this action, and all directors, employees, and agents (other than counsel) of the Party, that receives Discovery material from a Producing Party.

2.5 Producing Party. "Producing Party" means a Party to this action, and all directors, employees, and agents (other than Counsel) of the Party, that produces or otherwise makes available Discovery Material to a Receiving Party.

2.6 Protected Material. "Protected Material" means any Discovery Material, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records regarding the contents of such Discovery Material: (1) that is marked by a Producing Party with the Legend in accordance with section 3 below, (2) that is in good faith believed by a Producing Party to comprise or contain confidential information not available to the public, and (3) is produced to a Receiving Party.

2.7 Counsel. "Counsel" means in-house counsel of a Party and an attorney of record in this action, including their professional, administrative, secretarial and other assistants and staff who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action.

3

1    2.8    Independent Expert.  "Independent Expert" means an expert

2  and/or independent contractor actually retained to advise or assist Counsel in the

3  preparation and/or trial of this action.

4    2.9    Trial Preparation Materials.  "Trial Preparation Materials"

5  means documents and materials such as pleadings, court papers and briefs,

6  exhibits, depositions, interrogatories, and the like, and summaries thereof or notes

7  pertaining thereto.

8    3.    **Designation of Protected Material**.

9    3.1    Designation in General.  A Producing Party, at the time of

10  producing Discovery Material or within a reasonable time thereafter (normally not

11  in excess of five business days), in good faith may designate any Discovery

12  Material as Protected Material.  The Protected Material shall be marked with the

13  Legend, indicating that the Protected Material is CONFIDENTIAL or

14  CONFIDENTIAL ATTORNEYS' EYES ONLY Protected Material.  A good faith

15  attempt shall be made by the Producing Party not to designate material under this

16  protective order.  However, when necessary the Producing Party, in good faith may

17  designate as much Protected Material as appropriate as CONFIDENTIAL.

18  CONFIDENTIAL ATTORNEYS' EYES ONLY material may only be shown to

19  Counsel and Independent Experts, as provided herein.

20    3.2    Copying/Reproduction.    Any    material    designed

21  CONFIDENTIAL ATTORNEYS' EYES ONLY material that is derived from a

22  Producing Party may only be copied or reproduced by a Receiving Party's Counsel

23  and/or Independent Expert, unless prior written consent is obtained from the

24  Producing Party or the Producing Party's Counsel.

25    3.3    Post-production Designation.  If the Producing Party designates

26  Discovery material as Protected Material after production, the Producing Party

27  shall notify the opposing Counsel in writing, and such opposing Counsel shall

28    4

mark the designated Discovery Material with the Legend.  Thereafter, the opposing Counsel shall treat the Designated Discovery material as Protected Material, and shall take reasonable and appropriate steps, if possible under the circumstances, to reclaim possession of any of such designated Discovery Material which may have reached the possession of any persons not authorized under this Protective Order to receive Protected Material.

4. **Designation Not Determinative of Status**.  The designation of Discovery Material as "Protected Material" shall not be taken as a determination or admission by the Receiving Party that such Discovery Material is, in fact, protectable as confidential information, trade secret subject matter or otherwise subject to privacy concerns.  The designation of Discovery Material as being "Protected Material" does not alter or enhance the nature of that Discovery Material or its confidentiality or create any presumption of any confidentiality.  No Party shall be obligated to challenge the propriety of a "Protected Material" designation at the time of receipt of such Discovery Material, and a failure to do so shall not preclude a subsequent challenge to the propriety of the designation.

5. **Limitation on Scope of Protective Order**.  Nothing in this Protective Order shall prevent disclosure of Protected Material if:

5.1 The Producing Party waives, in writing or on the record of this action, the claim of confidentiality of such Protected Material pursuant to this order; or

5.2 The Receiving Party can prove to the court upon 21 days written notice to the Producing Party that such Protected Material is already rightfully in its possession or was otherwise rightfully acquired by or on behalf of the Receiving Party and need not be maintained confidential under the Protective Order; or

5

5.3   The Receiving Party can prove to the court upon 21 days written notice to the Producing Party that such Protected Material was or has become public knowledge without violation of the Protective Order, or other than by any act or omission of a Receiving Party, its Counsel, or any Independent Expert retained on behalf of the Receiving Party; or

5.4   A court order releases such Protected Material from the restrictions of this Protective Order.

6.   **Use of Protected Material**.

6.1   General. All Protected Material produced under this Protective Order is to be used solely for purposes of this action and for no other purposes. Persons having access to Protected Material shall not disclose or provide Protected Material to any person not authorized to received Protected Material under this Protective Order.  No Protected Material may be made available to, or in any manner revealed to or discussed with any other entity (including the Receiving Party), except: (1) solely in accordance with the procedures set forth in this Protective Order, (2) with the express written permission of Counsel for the Producing Party, or (3) as the Court may otherwise order.

6.2   Advice of Counsel.  Nothing under this Protective Order shall bar or otherwise restrict Counsel from rendering advice to a Party with respect to this action, and in the course thereof, referring to or relying in a general way upon examination of any Protected Material.  However, in rendering such advice and in otherwise communicating with a Party, such Counsel shall not disclose the contents of any Protected Material contrary to the terms or intent of this Protective Order.

7.   **Access to Protected Material**.

7.1   General.  All Protected material shall be held in custody and confidence by Counsel for the Receiving Party. Protected Material (except for

6

1   Trial Preparation Material, but including Protected Material that is attached to Trial

2   Preparation Material as exhibits, appendices and the like in accordance with

3   section 9.1) shall be maintained by each person receiving it, when not in actual use,

4   in a secure place at the offices of trial counselor Independent Expert.  Access to

5   Protected Material shall be provided only to persons authorized under this order to

6   receive such Protected Materials.

7               7.2    Counsel.   Counsel shall have access to and may use any

8   Protected Material for the purposes of this action only.

9               7.3    Receiving Party. A Receiving Party shall have access to and

10  may use only CONFIDENTIAL Protected Material, and only for the purposes of

11  this action.

12              7.4    Independent Experts.

13              7.4.1  Designation of Independent Experts.  A Receiving Party

14  may make any Protected Material available to up to three Independent Experts,

15  whether or not those Independent Experts have been disclosed for litigation

16  purposes pursuant to the Federal Rules of Civil Procedure.

17              7.4.2  Access to Protected Material.   An Independent Expert

18  may have access to and may use Protected Material for the purposes of this action

19  only.

20      8.    **Acknowledgment of Protective Order**. Before obtaining access to

21  any Protected Material covered by this Protective Order, each person (or a

22  signatory on behalf of each Counsel) who is permitted to have access to Protected

23  Material, including Independent Experts, under this Protective Order must signify

24  assent to the terms of this Protective Order by executing the acknowledgment

25  attached as Exhibit A, indicating that he or she has read and understood this

26  Protective Order and agrees to be bound by its terms.  A copy of each such

27  acknowledgment shall be held by Counsel for the Producing Party and maybe

28                                      7

1   subject to inspection upon   five business days notice, except in the case of

2   Independent Experts.

3        9.    **Handling of Protected Material**.

4        9.1    Use of Protected Materials at Depositions. A deposition

5   witness, in this action only, may be shown Protected Material under the following

6   conditions.

7              9.1.1  Any deposition witness may be shown Protected Material

8   in which the witness is identified as a signatory, author, addressee or recipient of a

9   copy;

10             9.1.2  Any deposition witness may be shown Protected Material

11  by Counsel for a Producing Party derived from that same Producing Party, and

12  Counsel may require that the witness agree on the record that the witness will hold

13  in confidence and will not disclose to others the information contained therein.

14             9.1.3  Any deposition witness may be shown Protected Material

15  in which it is undisputed by Counsel that the witness has previously seen such

16  Protected Material, and Counsel may require that the witness agree on the record

17  that the witness will hold in confidence and will not disclose to others the

18  information contained therein.

19       9.2    Exclusion of Unauthorized Persons. If any Protected Material is

20  summarized, discussed, or otherwise used at any deposition, all persons (other than

21  those entitled to receive the Protected Material in accordance with this Protective

22  Order, court personnel, a reporter, and the deponent) shall be excluded from

23  attendance at the deposition during such time as the Protected Material is being so

24  disclosed, unless the Parties otherwise agree or the court otherwise orders.

25       9.3    Protected Materials Filed with Court. Nothing will be accepted

26  for filing under seal with the Court without separate order by the judge before

27  whom the hearing or proceeding will take place.  Such order must be sought by ex-

28                                          8

1   parte application by the affected party with appropriate notice to opposing counsel.
2   If a party to this order desires to file or offer a document or portion of a document
3   that has been designated as Protected Material, that party shall, to the extent
4   possible, give at least 72 hours advance written notice of such intent to allow the
5   affected party to request that the matter be filed under seal.

6          9.4   Deposition   Transcripts.   When   Protected   Material   is
7   incorporated in a deposition transcript via testimony or documents, arrangements
8   shall be made with the reporter to separately bind the deposition transcript and
9   documents designated as Protected Material, and mark it with the Legend.

10         9.5   Return of Protected Materials.   Once participation in this action by
11   any person obtaining Protected Material pursuant to section 7 has been terminated
12   or otherwise concluded, or upon final disposition of this action, all Protected
13   Material, including originals, shall either be returned to Counsel for the Producing
14   Party, or destroyed with a declaration to that effect provided to Counsel for the
15   Producing Party, within 45 days.   However, Counsel for the Receiving Party may
16   retain Trial Preparation Materials and materials protected by the work product
17   privilege, for archival purposes only. Protected Material retained by Counsel of a
18   Receiving Party pursuant to this section 9.5 shall retain the status of Protected
19   Material despite determination of this action, and shall be treated in accordance
20   with the terms of this Protective Order.

21         10.   **Inadvertent Production or Disclosure**.

22         10.1   Inadvertent Production of Privileged Material.   The inadvertent
23   production of any document or thing by any Party shall be without prejudice to any
24   claim by the Producing Party that such material is protected by the attorney-client
25   privilege or protected from discovery as work -product, and no Party shall be held
26   to have waived any rights thereunder by inadvertent production.

27        If within a reasonable time after materials are disclosed, a Producing Party

28   9

1   asserts that such materials are protected by the attorney-client privilege or work-
2   product doctrine, and were inadvertently produced, the Receiving Party shall take
3   prompt steps to ensure that all known copies of such material are returned
4   promptly to the Producing Party and that any summaries, extracts or notes on such
5   material are destroyed. The cost, if any, for excising such materials by the
6   Receiving Party shall be borne by the Producing Party.  The Parties may thereafter
7   contest such claims of privilege or work product as if the materials had not been
8   produced, but shall not assert that a waiver occurred as a result of the production.

9          10.2   Inadvertent Disclosure of Confidential Material.  If Protected
10  Material is inadvertently disclosed to any person other than in the manner
11  authorized by this Stipulated Protective Order, the Party responsible for the
12  disclosure must immediately inform the Designating party of all pertinent facts
13  relating to such disclosure and shall make every effort to recover the Protected
14  Material and prevent disclosure by each unauthorized person who received it.

15         11.   **[DELETED]**

16         12.   **Court Order**.  Nothing in this Protective Order shall prevent a Party
17  from seeking leave of the court to order disclosure of Protected Material.

18

19  Dated:        November 25, 2014

20                                  /s/ Jacqueline Chooljian

21                           United States Magistrate Judge

22

23

24

25

26

27

28                              10

**STIPULATED PROTECTIVE ORDER**
CV-14-03658-DDP-JC

**EXHIBIT** "A"

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I have read the Protective Order entered into in this litigation and agree: (a) to be bound by  the terms and conditions listed therein; (b) not to reveal information covered by the order to anyone  other than another person designated to receive such information; (c) to utilize such information solely for purposes of this civil action and no other litigation; and (d) that such information shall not be used for any business purpose.

Dated: _____

Signature:_____

Printed Name: _____

Designation: _____

Company: ~ _____

Address: _____

Telephone: _____

11